UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
              :
DEUTSCHE BANK AG, LONDON BRANCH,   :
              :
                    Plaintiff,   :
              :                    24 Civ. 4567 (JPC)
       -v-          :
              :                    ORDER
FINEPOINT CAPITAL LP *et al.*,   :
              :
                    Defendants.   :
              :
------------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

On July 2, 2025, the Court issued an Order *sua sponte* raising the question whether Plaintiff's Complaint, Dkt. 1 ("Compl."), adequately alleges Defendants' citizenships for purposes of establishing complete diversity under 28 U.S.C. § 1332(a).  Dkt. 33; *see Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011) ("Courts do not usually raise claims or arguments on their own.  But federal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press.").  Shortly before the scheduled conference to discuss that issue, the parties filed a joint letter stating that Defendants had provided Plaintiff with documentation concerning the citizenships of their members, that Defendants concluded this Court lacks subject matter jurisdiction, and that Plaintiff has no basis to contest that conclusion.  Dkt. 37.  Neither party therefore contends that the Court has the power to hear this case.

It is well-established that subject matter jurisdiction under 28 U.S.C. § 1332(a) requires "complete diversity of citizenship between every plaintiff and every defendant." *Windward Bora LLC v. Browne*, 110 F.4th 120, 126 (2d Cir. 2024).  For purposes of that test, an unincorporated entity "possesses the citizenship of all its members." *Americold Realty Tr. v. Conagra Foods, Inc.*,

577 U.S. 378, 383-84 (2016) (rejecting the "invitation to apply the same rule to an unincorporated entity that applies to a corporation—namely, to consider it a citizen only of its State of establishment and its principal place of business").  Thus, the citizenship of a limited partnership "depends on the citizenship of each of its general and limited partners." *Pattern Energy Grp. LP v. Perillo*, No. 25 Civ. 785 (JLR), 2025 WL 1112848, at *3 (S.D.N.Y. Apr. 15, 2025).  And a limited liability company "takes the citizenship of each of its members." *Bayerische Landesbank, N.Y. Branch v. Aladdin Cap. Mgmt. LLC*, 692 F.3d 42, 49 (2d Cir. 2012).  To adequately allege complete diversity of citizenship in a case involving unincorporated entities as parties, the plaintiff must therefore identify each member whose citizenship is attributable to those parties and specify those members' citizenships.  *See FD Special Opportunities V, LLC v. Silver Arch Cap. Partners, LLC*, No. 21 Civ. 797 (JLR), 2022 WL 16837967, at *2 (S.D.N.Y. Nov. 9, 2022).

Here, Plaintiff's Complaint fails to adequately allege the citizenships of Defendants Finepoint Capital LP, Warbler Run I, LLC, Warbler Run II, LLC.  For each of these entities, Plaintiff merely alleges its state of formation and the location of its principal place of business.  *See* Compl. ¶¶ 8-10.  But as explained above, the citizenship of an unincorporated entity depends on the citizenships of its members, not on its state of formation or the location of its principal place of business.  *Ocean Units LLC v. Illinois Union Ins. Co.*, 528 F. Supp. 3d 99, 101 (E.D.N.Y. 2021).  The Complaint, therefore, does not adequately allege complete diversity of citizenship between the parties.

* * *

For these reasons, the Court concludes that Plaintiff's Complaint fails to adequately allege diversity jurisdiction under 28 U.S.C. § 1332(a).  Nor does Plaintiff allege any other basis for subject matter jurisdiction.  And in light of the parties' letter of July 14, 2025, in which Plaintiff does not contest Defendants' contention that subject matter jurisdiction is lacking, the Court finds

2

that leave to amend would be futile. Accordingly, the Court *sua sponte* dismisses this action without prejudice for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). The Clerk of Court is respectfully directed to close this case.

    SO ORDERED.

Dated: July 15, 2025
      New York, New York

                                      JOHN P. CRONAN
                                      United States District Judge